**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OSCAR GLENN, on behalf of himself
and similarly situated employees,

        **Plaintiff,**                                   Hon:

                                             Case No. 26-

 **v.**

DTE ENERGY COMPANY, and
its subsidiaries and divisions,

        **Defendant.**

---

**MILLER COHEN, PLC.**
Richard G. Mack (P58657)
Jacob Porcarelli (P87351)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
jporcarelli@millercohen.com

---

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiffs Oscar Glenn on behalf of himself and all similarly situated persons, known and unknown, by and through their attorneys, **Miller Cohen, P.L.C.**, and for their Complaint against **DTE Energy**, Plaintiff states as follows:

**I. INTRODUCTION**

1.    Plaintiff brings this cause of action against DTE Energy, and its various

1

divisions and subsidiaries, for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*.

2. The FLSA requires that for all work hours above forty (40) in a week, applicable employees shall earn at least "one and one-half times the **regular rate** at which he is employed." 29 U.S.C.A. §207(a)

3. Plaintiff alleges that Defendant has failed to adequately compensate Plaintiff, and all employees similarly situated to Plaintiff, for overtime pay under the FLSA. Specifically, Plaintiff, and similarly situated employees, has not been paid one and one-half times the "regular rate" for their overtime hours.

4. Plaintiff brings this action on behalf of himself and all other similarly situated employees who are employes at DTE Energy and of its subsidiaries, as spelled out below.

5. DTE Energy is a corporate entity comprised of a number of subsidiaries. Plaintiff brings this cause of action on behalf of similarly situated persons at the following DTE Energy subsidiaries: DTE Gas Company, DTE Corporate Services LLC, DTE Electric Securitization Funding I and II, LLC, DTE Sustainable Generation Holdings, LLC, and DT Midstream.

6. At this time of the drafting of this Complaint, there was a collective action lawsuit pending against DTE Electric, another DTE Energy subsidiary, raising a similar matter. Employees who are part of the putative collective action seeking relief against DTE Electric were invited to resolve their claims against DTE Electric. They were given until approximately May 9, 2026 to do so.

As such, the instant Complaint does not seek relief against DTE Electric at this time.

## PARTIES

7.      Plaintiff Oscar Glenn is a resident of the city of Detroit, county of Wayne, and state of Michigan.

8.      Plaintiff seeks permission of this Court to invite similarly situated employees to join this putative collective action claim.  This invitation would be extended to current or former non-exempt employees of DTE Energy who performed overtime work within the last three years.

9.      Defendant DTE Energy is a Michigan corporation, doing business at various locations throughout the state, including in the Eastern District of Michigan, Southern Division.  Its headquarters is located in Detroit, Michigan.

10.     Defendant DTE Energy does business above $500,000 annually and has more than two employees, therefore qualifying as an employer under the Fair Labor Standards Act. 29 USC §§203(d, s), 207(a).

11.     Plaintiffs seek all past due compensation, liquidated damages, attorneys fees, and all other relief to which they are entitled by law.

## JURISDICTION AND VENUE

12.     This Honorable Court has original subject matter jurisdiction over Plaintiffs' claims, pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims are brought under federal law which also grants this Court jurisdiction. 29 U.S.C. §§ 207, 216.

13.     Venue is proper within the Eastern District of Michigan, pursuant to 28

3

U.S.C. § 1391, as Defendant DTE Energy is headquartered in Detroit Michigan.

## STATEMENT OF FACTS

14.  Plaintiff Glenn is employed at DTE Energy.  He works as a Field Service Technician within DTE Gas Company.  Plaintiff earns $49.85 per hour currently.

15.  Plaintiff, and similarly situated employees, earn various types of routine and non-discretionary pay as part of their compensation.

16.  For instance, Plaintiff, and similarly situated employees, earn a shift differential when they work a shift that starts in the afternoon or evening. This shift differential typically ranges between $1 to $2 per hour worked.

17.  Also, Plaintiff, and similarly situated employees, earn an inclement weather differential, which is an enhancement for the hours they work during inclement weather.

18.  Also, Plaintiff, and similarly situated employees, earn bonuses, such as an annual bonus during the last pay period of the year.   This year-end bonus is not properly factored into their regular rate of pay.

19.  There are other differentials, premiums, bonuses, and other non-overtime compensation that Plaintiff, and similarly situated employees, earn each week.

20.  As non-exempt employees, under the FLSA Plaintiff, and similarly situated employees, were entitled to full compensation for all overtime hours worked "not less than one and one-half times the **regular rate** at which [they were]

4

employed." 29 U.S.C.A. § 207(a)(1)(**emphasis** added)

21.     The FLSA defines the "regular rate" of pay "to include all remuneration for employment" paid to the employee, with certain specific exceptions. 29 U.S.C.A. § 207(e)

22.     Under the FLSA, when Plaintiff, and similarly situated employees, worked overtime hours, their pay for such hours should have been converted to the regular rate, as opposed to simply 1.5 times the base rate.

23.     Instead, Defendant paid Plaintiff, and similarly situated employees, 1.5 times the base rate for overtime hours, and did not properly convert the earnings into the "regular rate".

24.     In calculating the "regular rate" properly, Defendant should have started by taking the total compensation for the week (except the statutory exclusions) and divided that by the total hours worked in the week, to derive the "regular rate" of pay. 29 CFR §778.109.

25.     Then, Defendant should have multiplied one and one-half times the regular rate of pay by the overtime hours worked. 29 CFR §778.110.

26.     The "regular rate" computation does exclude certain specifically identified types of compensation that are excluded per statute. 29 USC §207(e)(1-8)

27.     Defendant bears the burden of proving that compensation falls within one of the specific statutory exclusions from the regular rate computation.

28.     Plaintiff, and similarly situated employees, were entitled to have shift differentials to be calculated into their regular rate of pay which they earned: "The

Act requires the inclusion in the regular rate of such extra premiums as nightshift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour) …" 29 CFR §778.207(b)

29.     Shift differentials earned by Plaintiff and similarly situated employees were not among the exclusions from the regular rate.

30.     The other bonuses, premiums and other non-overtime compensation received by Plaintiff, and similarly situated employees, were also not part of the statutory exclusions from the regular rate computation. *See for instance* 29 CFR §778.115

31.     As a result of these errors, Plaintiff, and similarly situated employees, have lost compensation to which they were entitled by law. 29 USC §207(a)

32.     Specifically, Plaintiff, and similarly situated employees, have routinely worked in excess of forty (40) hours per week, but have not received at least "one and one-half times the regular rate at which [they were] employed" for such overtime hours. 29 U.S.C.A. § 207(a)(1)

33.     As a result of the afore-mentioned and other FLSA violations, Plaintiff, and similarly situated employees, are entitled to back due wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by law and this Court.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff incorporates all preceding paragraphs, as if fully plead herein.

35.     Under the FLSA, Plaintiff may bring this action to recover damages

6

against Defendant "for and in behalf of himself or themselves and other employees similarly situated." 29 USC §216(b).

36.     Plaintiff brings this claim on behalf of himself, and other similarly situated employees.

37.     The employees are "similarly situated" to the extent that they have all been denied pay properly calculated using the regular rate, defined above.

38.     For instance, employees are similarly situated to Plaintiff to the extent they have received shift differentials and other non-overtime types of pay, that have not been factored into their regular rate of pay for purposes of computing overtime pay, for overtime hours worked.

39.     Defendant has made these same payroll errors for non-exempt employees throughout the Defendant's organization, in the same manner the errors were made for Plaintiff.

40.     The resolution of Plaintiff's claims will resemble the resolution of claims for employees who are similarly situated to Plaintiff.

41.     There are questions of law and fact common to the collective.  The common questions include but are not limited to:

    a. Whether Defendant failed to pay appropriately calculated overtime hours for shift differentials and other non-overtime types of pay earned by Plaintiff and similarly situated employees.

    b. Whether Plaintiff and putative collective action members are entitled to actual or liquidated damages and the other requested relief.

42.    This Court should authorize notice to employees similarly situated to Plaintiff, in order that they may be allowed to opt-in to said collective action claim, for purposes of litigating their claims for said FLSA violations.

43.    On information and belief, there are thousands of employees who are similarly situated to the Plaintiff, with respect to the said violations of the FLSA which they suffered.

44.    Plaintiff's counsel is competent and experienced in collective action litigation brought under the FLSA.

**COUNT ONE**
**VIOLATION OF FLSA –**
**<u>FAILURE TO PROPERLY CALCULATE OVERTIME</u>**

45.    Plaintiff incorporates all preceding paragraphs, as if fully plead herein.

46.    At all times relevant to this action, Plaintiff and all similarly situated persons, known or unknown, were employees of Defendant within the meaning of the FLSA 29 U.S.C. § 203(e).

47.    At all times relevant to this action, Defendant was the employer(s) of Plaintiff, and all similarly situated persons, known or unknown, within the meaning of the FLSA, 29 U.S.C. § 203(d).

48.    At all times relevant to this action, Plaintiff and all similarly situated persons, known or unknown, were entitled to time and one-half pay for all hours worked over forty per week, properly calculated using the "regular rate".  29 U.S.C. § 207.

49.    Defendant knowingly, intentionally, and willfully violated the FLSA's

overtime provisions by failing to pay Plaintiff, and similarly situated employees, for overtime hours properly calculated using the "regular rate", as outlined above.

50.     Defendant has a pattern and practice of failing to properly follow the FLSA provisions for overtime compensation, as evidenced by the experiences of the named Plaintiff and putative collective action members, as outlined above.

51.     Specifically, when Plaintiff and employees similarly situated earned shift differentials and other types of non-overtime compensation, that compensation should have been computed into the regular rate of pay for these employees' overtime hours.

52.     The failure to include this compensation in the overtime calculations violates the FLSA and its interpretative regulations.

53.     Plaintiff and all similarly situated employees are entitled to backpay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the FLSA and deemed appropriate by this Court. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Glenn, on behalf of himself and other persons similarly situated, known and unknown, request that the Court enter the following relief:

a.     Permission for individuals, who are currently employed or were employed by Defendant, and who were denied appropriately calculated overtime pay, pursuant to the FLSA, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b.     Ordering Defendant to provide names, last known addresses, all known telephone numbers, all known email addresses, for all non-exempt employees who work

or worked for Defendant within the last three years;

c.      Certification of a collective action for all individuals who are currently employed or were employed by Defendant and who were subjected to impermissible overtime compensation practices, as outlined above;

d.      Ordering Defendant to provide all compensation received by Plaintiff, and all FLSA-non-exempt employees, within the last three years, produced as follows:

- Native Microsoft Excel format (.xlsx), with one logical report per file;

- One row per pay event (employee × weekly earnings × pay code × amount);

- Column headers preserved exactly as generated by Defendant's payroll system (SAP or equivalent), consistent with the column structure of Wage Type and Time Evaluation reports;

- Date columns formatted as dates (not text strings); numeric columns formatted as numbers (not text strings);

- Employee identifiers (Pers.No.) provided as consistent values;

- Columns to be included in production are base rate, hours, amounts, pay codes, pay dates, and period-end dates;

e.      Back pay for the unpaid and underpaid overtime compensation, under the FLSA;

d.      Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

e.      Compensatory damages, pre-judgment interests, post-judgment interest,

costs, attorney's fees and all damages as allowable under FLSA;

     f.     An injunction prohibiting Defendants from further violations of the law as described herein;

     g.     Any other relief to which Plaintiffs and similarly situated employees may be entitled.

Respectfully submitted,

**MILLER COHEN, PLC**

By:  */s/ Richard G. Mack, Jr.*
Richard G. Mack (P58657)
Jacob Porcarelli (P87351)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
jporcarelli@millercohen.com

Dated: May 1, 2026

11

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Respectfully submitted,

**MILLER COHEN, PLC**

By:   */s/ Richard G. Mack, Jr.*
Richard G. Mack (P58657)
Jacob Porcarelli (P87351)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
jporcarelli@millercohen.com

Dated: May 1, 2026

# EXHIBIT A

**CONSENT TO JOIN**

**DTE ENERGY**
**(Wage And Hour Violation Claims)**

1.      I hereby consent to join the cause of action brought against DTE Energy, as a party Plaintiff, to assert violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. and any other applicable wage and hour laws.  I understand the lawsuit specifically involves DTE Energy's failure to pay me for overtime hours, appropriately calculated using the regular rate under the FLSA.

2.      I worked for DTE Energy as an hourly employee at some point during the last three years, and worked overtime hours during this period of time.

3.      This consent includes being a Plaintiff in a claim brought before a court of law or arbitrator, alleging violations of the FLSA.  As such, I agree to be represented by the Miller Cohen, PLC law firm in pursuit of these legal matters.

4.      I agree to be bound by the resolution of this lawsuit, favorable or unfavorable.


_____
Signature

Date: _____

_____
Printed Name